UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:02CV-620-H

DAVID McFARLAND, Parent and Next                                    PLAINTIFFS
Friend of Stephen and Daniel McFarland, *et al.*
-and-
CRYSTAL MEREDITH, Parent and Next
Friend of Joshua McDonald

V.

JEFFERSON BOARD OF EDUCATION, *et al.*                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, through counsel, have moved that the Defendants, Jefferson County Board of Education and certain of its administrators, be required to show cause why they should not be held in contempt and incarcerated for failing to comply with the Supreme Court's recent opinion in this case.

Defendants need not respond to such an outrageous motion, couched in such unprofessional language. The Supreme Court issued its opinion on June 28, 2007. The actual final judgment and mandate of the Supreme Court was not issued until some twenty-five days afterwards under that Court's rules. *See* Sup. Ct. R. 45(3). Consistent with common practice, the case was remanded to the Court of Appeals for the Sixth Circuit, which in turn remanded the case to this Court by order dated July 24, 2007. That remand has reached the Court's desk today, thus returning jurisdiction to the Western District of Kentucky.

At no time during the time since the Supreme Court's opinion have the Plaintiffs, through counsel, properly moved this Court or any other court to act upon the opinion. Consequently, Defendants are not in violation of any pending order of this or any other court in this case.

Moreover, the Court is aware through correspondence from Defendants' counsel that Defendants have taken measures to assure that current school assignment activities are consistent with Defendants' understanding of the Supreme Court's decision. Plaintiffs may disagree with this action, but have not said so by appropriate motion.

The Supreme Court's recent decision presents complex issues for this Court, the Defendants, the Plaintiffs, and perhaps others affected by it. To resolve these issues will require the attention and considered judgment of all involved. At this time, the Court does not know either how these issues will be resolved or the timetable for doing so. The Court is quite certain, however, that calling for contempt citations and the incarceration of individual school board members and administrators will not advance the resolution of any legitimate concerns.

The Court will gladly set an immediate hearing to discuss any future valid motions that require attention. The Court has every intention of thoroughly considering the legitimate concerns of both sides raised in a civil and appropriate manner. Unfortunately, the motion most recently filed falls far short of these last two basic requirements. Therefore, the Court will not entertain such a motion in its current form.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion for contempt and for incarceration of school officials is DENIED.

cc: Counsel of Record